IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANE B. BROWN, | : | CIVIL ACTION NO. **3:CV-11-1418** |
| | : | |
| Petitioner | : | (Judge Rambo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| SUPERINTENDENT JEFFREY DITTY, et al., | : | |
| | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On August 3, 2011, Petitioner, Dane B. Brown ("Petitioner"), an inmate at the State Correctional Institution at Camp Hill ("SCI-Camp Hill") at Camp Hill, Pennsylvania, filed, *pro se*, a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner names as a Respondent SCI-Camp Hill Superintendent Jeffrey Ditty ("Respondent"). Petitioner paid the required filing fee. (Doc. 1).[1]

Before addressing the merits of Petitioner's claims, on August 5, 2011, we directed Petitioner to submit to the Court copies of all of his state court appeals and the state court decisions, opinions and orders regarding both his direct and collateral appeals, along with the filing dates thereof.[2] We indicated that we would then determine if the Petitioner's Habeas

---

[1] Petitioner was issued a *Miller Mason* Notice of Election on August 3, 2011. (Doc. 2). Petitioner filed the Notice with the Court on August 12, 2011, he labeled his petition as a petition under 28 U.S.C. § 2254 and wanted to have the Court rule on the petition as filed.

[2] The amended provisions of 28 U.S.C. § 2244(d)(1) impose limitations on the right to pursue federal habeas relief. The amendments impose a one-year statute of limitations for § 2254 habeas petitions. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). There are four

Petition was timely filed under the AEDPA[3] and if his instant claims were exhausted in the state courts.[4] (Doc. 5).

On August 5, 2011, Petitioner filed a response to our Doc. 5 Order. (Doc. 6). Petitioner stated that he did not have all of his state court records to submit to the Court because he did not receive them from his prior attorneys who represented him and his paperwork was lost during transfers from prison institution to institution and cell searches. (Doc. 6).

On August 16, 2011, the Court directed Respondent to respond to Petitioner's Habeas Corpus Petition regarding the statute of limitations and exhaustion issues. (Doc. 8). Specifically, the Court directed Respondent to submit with his response, copies of all Petitioner's state court appeals and the state court decisions, opinions and orders regarding both his direct and collateral appeals, along with the filing dates thereof and to respond to the exhaustion and

---

potential starting points for determining when the statute of limitations begins to run. Any time devoted to pursuing a properly filed application for state post-conviction relief or other collateral relief is excluded from the limitations period. 28 U.S.C. § 2244(d)(2); *Merritt, supra*.

[3] The Third Circuit Court of Appeals, in *Holden v. Mechling*, 2005 WL 1219860 (3d Cir.), found that the District Court could *sua sponte* raise the AEDPA's statute of limitations and could summarily dismiss a § 2254 habeas petition as untimely after Petitioner is afforded notice and an opportunity to be heard. *See also U.S. v. Bendolph*, 409 F.3d 155 (3d Cir. 2005). We thus gave Petitioner Brown notice and an opportunity to be heard regarding whether his habeas petition was timely under the AEDPA.

[4] The habeas statute requires a prisoner to exhaust his claims in state court before seeking relief from federal courts. 28 U.S.C. § 2254(b)(1)(A); *See also Landano v. Rafferty*, 897 F.2d 661, 668 (3d Cir. 1990). It is well settled in the Third Circuit that the Court has discretion to raise procedural issues, such as exhaustion of state court remedies, in habeas cases, and it may do so *sua sponte*. *See Sweger v. Chesney*, 294 F.3d 506, 520-521 (3d Cir. 2002), *cert. denied*, 538 U.S. 1002 (2003).

timeliness issues within fifteen (15) days of the date of the Order. *Id.*[5]   Petitioner was afforded an opportunity to then file a reply. *Id.*

After the Court granted Respondent an extension of time to file their response, on October 6, 2011, Respondent filed his Answer and Memorandum in response to Petitioner's habeas petition, with several attached exhibits, Exs. A-L.  (Doc. 11).  Petitioner filed his reply on October 17, 2011.  (Doc. 12).  The issues of whether Petitioner exhausted his state court remedies with respect to his habeas claims and whether his petition is timely under the AEDPA are ripe.[6]

Petitioner states that he was convicted on August 5, 2005, and that his sentence was "Ten (10) to Twenty (20) years Incarceration"  (Doc. 1, ¶ 3.).[7]  Petitioner challenges issues from his August 2005 jury trial in which he was convicted of robbery and criminal conspiracy to commit robbery, while being represented by counsel, in the Dauphin County Court of Common Pleas

---

[5] In the Order, the Court noted that Respondent need not address the merits of Petitioner's habeas claims in his Response, since the Court would first determine if the Habeas Petition was timely and if exhaustion of state court remedies as to all habeas claims has been accomplished.  The Court also noted that if the Court found the Habeas Petition to be timely and Petitioner's claims to be exhausted, both Respondent and Petitioner would be given time to file a Response and Traverse, respectively, with respect to the merits of Petitioner's habeas claims.

[6] Pursuant to this Court's August 5, 2011 Order, we will address only the issues of exhaustion and the statute of limitations in this report and recommendation and will not issue a report and recommendation on the merits until Petitioner and Respondent have the opportunity to fully brief the issues. (Doc. 5).

[7] The website for the PA DOC, www.cor.state.pa.us, reveals that Petitioner is still confined at SCI-Camp Hill.

3

("CCP").[8]  Petitioner raises four issues in his petition for habeas corpus relief.  (Doc. 1).  Ground One of Petitioner's petition asserts that the Supreme Court of Pennsylvania erred by denying relief on his claim that a *Brady* violation occurred when the prosecution withheld a plea agreement in exchange for favorable testimony of a witness.  (Doc. 1, p. 6).  Ground Two of Petitioner's petition asserts that the Supreme Court of Pennsylvania erred by denying relief on his claim that trial counsel provided ineffective assistance for failing to request a cautionary instruction on the identification testimony during his trial.  (*Id*. at p. 7).  Ground Three of Petitioner's petition asserts that the Supreme Court of Pennsylvania erred by denying relief on his claim that trial counsel provided ineffective assistance by advising petitioner not to testify on his own behalf during his trial.  (*Id*. at p. 9).  Ground Four of Petitioner's petition asserts that the Supreme Court of Pennsylvania erred by denying relief on his claim that the trial court erred by permitting the victim to show his gunshot wounds to the jury during his testimony at Petitioner's trial.[9]  (*Id*. at p.10).

**II. State Procedural Background**.

On August 5, 2005, a jury sitting in the CCP found Petitioner guilty of robbery and conspiracy to commit robbery.(Dauphin County CCP docket sheet, # CP-22-CR-1300-2004).

---

[8]  Petitioner's Dauphin County CCP docket sheet, # CP-22-CR-1300-2004, reveals that Petitioner was convicted of robbery, 18 Pa.C.S.A. § 3701(A)(1) and criminal conspiracy to commit robbery, 18 Pa.C.S.A. § 903(A)(1), on August 5, 2005, and that he received a sentence of incarceration of a minimum of 10 years to a maximum of 20 years.  *See* http://ujsportal.pacourts.us.   We take judicial notice of the CCP's docket sheet.

[9]  Respondent does not address Ground Four of Petitioner's petition which asserts that the Supreme Court of Pennsylvania erred by denying relief on his claim that the trial court erred by permitting the victim to show his gunshot wounds to the jury during his testimony at Petitioner's trial.  (Doc. 1, p. 10).

On October 14, 2005, the CCP sentenced Petitioner to an aggregate term of ten (10) to twenty (20) years of incarceration. (*Id*.).  On October 19, 2005, the Commonwealth filed a motion to modify the sentence.  (*Id*.).  On October 21, 2005, Petitioner filed a motion to modify the sentence.  (*Id*.).  On October 25, 2005, the trial court denied the motion to modify sentence. (*Id*.).

On November 21, 2005, Petitioner filed a Notice of Appeal with the Pennsylvania Superior Court.  (*Id*.).  On July 12, 2006, the Superior Court of Pennsylvania affirmed in part and remanded in part.  (*Id*.).  The Superior Court ordered the trial court to conduct a restitution hearing to justify the order for restitution.  (*Id*.).

On August 23, 2006, Petitioner filed a petition for allowance of appeal to the Supreme Court of Pennsylvania.  (*Id*.).  On August 13, 2007, the Supreme Court of Pennsylvania denied allocator.  (*Id*.).

On October 18, 2007, Petitioner filed a Post Conviction Relief Act ("PCRA") petition, 42 Pa. C.S.A.  §§ 9541, et seq.  (*Id*.).  On September 23, 2008, the trial court conducted a hearing on the PCRA petition and on June 5, 2009, the trial court dismissed the PCRA petition.  (*Id*.).  On June 17, 2009, Petitioner filed a Notice of Appeal.  (*Id*.).  On May 21, 2010, the Superior Court of Pennsylvania affirmed the dismissal of the PCRA petition.  (*Id*.).  On June 14, 2010, Petitioner filed a petition for allowance of appeal to the Supreme Court of Pennsylvania.  (*Id*.).  On March 29, 2011, the Supreme Court of Pennsylvania denied allocator.  (*Id*.).

**III. Discussion.**

### 1. *Statute of limitations*

A one year statute of limitations exists for filing a federal habeas corpus petition. 28 U.S.C. §2244(d)(1)**.** The statute of limitations begins to run on the date the judgment of the state court becomes final by conclusion of direct review or the expiration of the time for seeking direct review. *Id*. Respondents have conceded that Petitioner filed his petition for writ of habeas corpus timely. (Doc. 11, p. 11). We agree. The Supreme Court of Pennsylvania denied allocator on August 13, 2007, which finalized Petitioner's direct appeal. (Dauphin County CCP docket sheet, # CP-22-CR-1300-2004). Petitioner did not file a Petition for Certiorari with the United States Supreme Court. (*Id.*). Petitioner's PCRA was filed on October 18, 2007, which was within one (1) year of the final judgment of the state court. 42 Pa. C.S.A. §§ 9545(b)(1),(3). There are sixty-six days between the August 13, 2007 denial of allocator and the October 18, 2007 PCRA which count toward the time limitation. (*Id.*). The Supreme Court of Pennsylvania denied allocator on March 29, 2011, which ended the state court's review of the PCRA. The petition for habeas corpus was filed on July 21, 2011, which is one hundred fourteen (114) days between the Supreme Court of Pennsylvania's denial of allocator and the petition for habeas corpus. Therefore, the petition for habeas corpus is timely filed.

### 2. *State Court Exhaustion*

Respondent contends that Petitioner has failed to exhaust one of his four present habeas claims, specifically, his claim that the Supreme Court of Pennsylvania erred by denying relief on his claim that a *Brady* violation occurred when the prosecution withheld a plea

agreement in exchange for favorable testimony of a witness. (Doc. 1, p. 6). Thus, Respondent maintains that Petitioner has filed a mixed habeas petition and that Petitioner only exhausted his Claim #2, *i.e.* that the Supreme Court of Pennsylvania erred by denying relief on his claim that trial counsel provided ineffective assistance for failing to request a cautionary instruction on the identification testimony during his trial and Claim #3, *i.e.* that the Supreme Court of Pennsylvania erred by denying relief on his claim that trial counsel provided ineffective assistance by advising petitioner not to testify on his own behalf during his trial. (*Id.* at pp. 7, 9). Respondent requests that the Court dismiss Petitioner's one claim (Claim #1) which Respondent argues was not exhausted, and to render a decision on the merits of only Petitioner's Claims #2 and #3. As indicated, Respondent did not address exhaustion in regard to Petitioner's fourth habeas claim, *i.e.* that the Supreme Court of Pennsylvania erred by denying relief on his claim that the trial court erred by permitting the victim to show his gunshot wounds to the jury during his testimony at Petitioner's trial.

Petitioner's direct appeal in the Pennsylvania Superior Court raised the following issues:

> 1. Whether the court failed to set forth adequate and appropriate reasons on the record in the imposition of sentences that were consecutive in nature and beyond the aggravated range of the sentencing guidelines;
>
> 2. Whether the imposition of consecutive sentences of not less than six (6) years nor more than twelve (12) years (robbery) and not less than four (4) years nor more than eight (8) years (criminal conspiracy were unreasonable in light of the mitigating factors and circumstances presented;
>
> 3. Whether the court impermissibly considered the co-defendants's actions and the defendant's prior criminal record to enhance the sentences beyond the aggravated range of the sentencing guidelines;

    4. Whether the court erred by imposing restitution against the Petitioner without determining the basis for said amount;

    5. Whether the court erred by permitting the victim to show his gunshot and surgical scars to the jury during his testimony; and

    6. Whether the evidence presented was sufficient to prove beyond a reasonable doubt that the Petitioner committed robbery and criminal conspiracy to commit robbery.

(Doc. 11, Ex. A).

Petitioner's first petition for allowance of appeal to the Pennsylvania Supreme Court raised the following issues:

    1. Whether the Superior Court erred when it affirmed the convictions of Petitioner for robbery and criminal conspiracy to commit robbery; and

    2. Whether the Superior Court erred when it affirmed the imposition of aggravated range consecutive sentences of not less than six (6) nor more than twelve (12) years (robbery) and not less than eight (8) years (criminal conspiracy) in light if the mitigating factors and circumstances presented.

(Doc. 1).[10]

Petitioner's PCRA petition raised the following issues:

    1. Trial counsel provided ineffective assistance by advising Petitioner not to testify on his own behalf;

    2. The Prosecutor violated the Pa. Rules of Criminal Procedure 42 Pa. S.C.A. 593 [sic] in not disclosing the Commonwealth witness plea agreement, given in return to testify against Petitioner; and

    3. Trial counsel provided ineffective assistance for failure to request a kloiber [sic] charge on identification testimony.

---

[10] A copy of Petitioner's petition for allowance of appeal to the Pennsylvania Supreme Court is not a part of the record as the Respondent could not locate same. Therefore, the Petitioner's appeal issues were determined from his Habeas Petition. (Doc. 1).

(Doc. 11, Ex. D).

On appeal from the Superior Court's dismissal of the PCRA petition, Petitioner raised the following issues:

> 1. Whether the PCRA Court erred and abused it's discretion by denying relief on Petitioner's claim that a Brady violation occurred where prosecution withheld the plea agreement in exchange for favorable testimony of witness;
>
> 2. Whether Petitioner's PCRA counsel, William M. Shreve, was ineffective for erroneously deeming Petitioner's claim meritless in concluding that no Brady violation occurred on Petitioner's claim that a Brady violation occurred where the prosecution withheld the plea agreement in exchange for favorable testimony of a witness;
>
> 3. Whether the prosecutor committed a Brady violation in not disclosing Commonwealth's plea agreement, given in return to testify against Petitioner, in which the prosecutor denied Petitioner a fair trial, due process and equal protection of the law, under the 5th and 14th amendments;
>
> 4. Whether the PCRA Court erred and abused it's discretion by denying relief and not conducting an evidentiary hearing on Petitioner's claim that trial counsel provided ineffective assistance by advising Petitioner not to testify on his own behalf;
>
> 5. Whether Petitioner's PCRA counsel, William M. Shreve was ineffective for not requesting an evidentiary hearing on and erroneously abandoning Petitioner's claim that trial counsel provided ineffective assistance by advising Petitioner not to testify on his own behalf;
>
> 6. Whether Petitioner's trial counsel, Michael E. Duda, provided ineffective assistance by advising Petitioner not to testify on his own behalf in which the trial counsel denied Petitioner a fair trial and due process, violating Petitioner's 5th, 6th and 14th amendments;
>
> 7. Whether the PCRA Court erred and abused it's discretion by denying relief and not conducting an evidentiary hearing on Petitioner's claim that trial counsel provided ineffective assistance for failing to request a Kloiber charge on identification testimony;
>
> 8. Whether Petitioner's PCRA counsel, William M. Shreve, was ineffective for not requesting an evidentiary hearing on and erroneously abandoning Petitioner's claim

> that trial counsel provided ineffective assistance for failing to request a Kloiber charge on identification testimony; and
>
> 9. Whether Petitioner's trial counsel Michael E. Duda, provided ineffective assistance for failing to request a Kloiber charge on identification testimony.

(Doc. 11, Ex. I).

Upon dismissal of the PCRA petition, Petitioner petitioned for allowance of appeal to the Pennsylvania Supreme Court and raised the following issue: whether the Superior Court erred when it affirmed the PCRA court's order, in dismissing and denying, Petitioner's post conviction relief. (Doc. 11, Ex. K).

Petitioner's statement of reasons relied on in Petitioner's Petition for allowance of appeal to the Pennsylvania Supreme Court were:

> 1. The PCRA Court erred and abused their discretion by denying relief on Petitioner's claim that a Brady violation occurred where prosecution withheld a plea agreement in exchange for favorable testimony of a witness;
>
> 2. Petitioner's PCRA counsel, William M. Shreve, was ineffective for erroneously deeming Petitioner's claim meritless in concluding that no Brady violation occurred on Petitioner's claim that a Brady violation occurred where prosecution withheld the plea agreement in exchange for favorable testimony of a witness;
>
> 3. The prosecutor committed a Brady violation in not disclosing Commonwealth plea agreement, given in return to testify against Petitioner in which the prosecutor denied Petitioner a fair trial, due process and equal protection of the law, under the 5th and 14th Amendments;
>
> 4. The PCRA court erred and abused it's discretion by denying relief and not conducting an evidentiary hearing on Petitioner's claim that trial counsel provided ineffective assistance by advising appellant not to testify on his own behalf;
>
> 5. Petitioner's PCRA counsel, William M. Shreve, was ineffective for not requesting an evidentiary hearing on and erroneously abandoning Petitioner's claim that trial counsel provided ineffective assistance by advising Petitioner not to testify on his own behalf;

> 6. Petitioners trial counsel, Michael E. Duda, provided ineffective assistance by advising Petitioner not to testify on his own behalf in which trial counsel denied Petitioner a fair trial and due process, violating Petitioner's 5th, 6th and 14th amendments;
>
> 7. The PCRA court erred and abused it's discretion by denying relief and not conducting an evidentiary hearing on Petitioner's claim that trial counsel provided ineffective assistance for failing to request a Kloiber charge on identification testimony;
>
> 8. Petitioner's PCRA counsel, William M. Shreve, was ineffective for not requesting an evidentiary hearing on and erroneously abandoning Petitioner's claim that trial counsel provided ineffective assistance for failing to request a Kloiber charge on identification testimony; and
>
> 9. Appellants trial counsel, Michael E. Duda, provided ineffective assistance for failing to request a Kloiber charge on identification testimony.

(Doc. 11, Ex. K).

In *Myers v. Warden of SCI-Albion*, 2010 WL 1838178, *3 (M.D. Pa. 5-6-10), the Court stated:

> As a general rule, a state prisoner must exhaust available state court remedies before seeking habeas relief in federal court. 28 U.S.C. §§ 2254(b), (c); *Cone v. Bell,* --- U.S. ----, ----, 129 S.Ct. 1769, 1780, 173 L.Ed.2d 701 (2009); *Rose v. Lundy,* 455 U.S. 509, 515-20, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Toulson v. Beyer,* 987 F.2d 984, 986 (3d Cir.1993); *Gibson v. Scheidemantel,* 805 F.2d 135, 138 (3d Cir.1986). "Unless it would be patently futile to do so [state prisoners] must seek relief in state court before filing a federal habeas petition ...." *Santana v. Fenton,* 685 F.2d 71, 77 (3d Cir.1982).FN5 The exhaustion requirement "is not a mere formality. It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights." *Gibson,* 805 F.2d at 138.
>
>> FN5. Exceptions to the exhaustion requirement are made when: (1) the state corrective process is so deficient as to render any effort to obtain relief futile, 28 U.S.C. § 2254(b); (2) acts of state officials have, in effect, made state remedies unavailable to the petitioner, *Mayberry v. Petsock,* 821 F.2d 179, 184 (3d Cir.1987); or (3)

> "inordinate delay" in state proceedings has rendered state remedies ineffective. *Story v. Kindt,* 26 F.3d 402, 405 (3d Cir.1994); *Schandelmeier v. Cunningham,* 819 F.2d 52, 55 (3d Cir.1986).
>
> To satisfy the exhaustion requirement, a federal habeas petitioner must have presented the facts and legal theory associated with each claim through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *see also Holloway v. Horn,* 355 F.3d 707, 714 (3d Cir.2004). The exhaustion requirement is satisfied if a petitioner's claims are either presented to the state courts directly on appeal from the judgment of sentence, or through a collateral proceeding, such as a PCRA petition. *Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir.1984). It is not necessary for a petitioner seeking federal habeas relief to present his federal claims to state courts *both* on direct appeal *and* in a PCRA proceeding. *Id*. However, a petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c); *Castille v. Peoples,* 489 U.S. 346, 350, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). The petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. *Lines v. Larkins,* 208 F.3d 153, 159 (3d Cir.2000) (citing *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d. Cir.1997)).

The *Myers* Court then addressed procedural default of habeas claims and stated:

> "[I]f [a] petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred ... there is procedural default for the purpose of federal habeas ...." *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.1999). A federal court can reach the merits of procedurally defaulted claims only if the petitioner demonstrates either "cause and prejudice" in connection with the procedural default, or that a fundamental miscarriage of justice would result if his claim was not reviewed. *See Edwards v. Carpenter,* 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000); *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir.2001); *Lines,* 208 F.3d at 166.
>
> Although the issue is best addressed by the state courts, a federal court may dismiss a petition as procedurally barred if state law would unambiguously deem it defaulted. *See Carter v. Vaughn,* 62 F.3d 591, 595 (3d Cir.1995).

> Similarly, procedural default occurs when a petitioner presented the claim the state system, but the state court refuses to address the claim on the merits because of "a state-law ground that 'is independent of the federal question and adequate to support the judgment.' " *Cone,* 129 S.Ct. at 1780 (quoting [See also Doc. 17, Ex. 6.] Coleman, 501 U.S. at 729). The purpose of the procedural default rule is to prevent habeas petitioners from avoiding the exhaustion doctrine by defaulting their claims in state court. *Coleman,* 501 U.S. at 732.

*Id*. at *4.

Ground One of Petitioner's habeas petition asserts that the Supreme Court of Pennsylvania erred by denying relief on his claim that a *Brady* violation occurred when the prosecution withheld a plea agreement in exchange for favorable testimony of a witness. (Doc. 1, p. 6). Respondent contends that Petitioner did not raise this issue on direct appeal and therefore, he did not exhaust his state court remedies. Petitioner did not raise his Ground One claim before the Pennsylvania Supreme or Superior Court. (Doc. 1, Doc. 11, Ex. A). The PCRA hearing transcript testimony of Petitioner shows that Petitioner knew the Commonwealth offered to waive the mandatory minimum sentence of the victim of the robbery in his pending drug case in exchange for his testimony at Petitioner's trial prior to his sentencing on October 14, 2005. (Doc. 11, Ex. E). Therefore, Petitioner could have raised this issue on direct appeal. Thus, Petitioner has not preserved his Ground One claim for federal habeas review.

We find that Petitioner has procedurally defaulted his Ground One claim in his habeas petition and that he has not shown cause and prejudice or a fundamental miscarriage of justice if this claim is not reviewed by the federal court.

Ground Two of Petitioner's habeas petition asserts that the Supreme Court of Pennsylvania erred by denying relief on his claim that trial counsel provided ineffective assistance

for failing to request a cautionary instruction on the identification testimony during his trial. (Doc.1 at p. 7).  Ineffective assistance of counsel claims should be raised for the first time in a PCRA petition.  *Commonwealth v. Grant*, 813 A. 2d 726, 738 (Pa. 2003).  Petitioner's petition for allowance of appeal to the Supreme Court of Pennsylvania raised three issues regarding the *Kloiber* instruction:

> 7.  Whether the PCRA Court erred and abused it's discretion by denying relief and not conducting an evidentiary hearing on Petitioner's claim that trial counsel provided ineffective assistance for failing to request a Kloiber charge on identification testimony;
>
> 8.  Whether Petitioner's PCRA counsel, William M. Shreve, was ineffective for not requesting an evidentiary hearing on and erroneously abandoning Petitioner's claim that trial counsel provided ineffective assistance for failing to request a Kloiber charge on identification testimony; and
>
> 9.  Whether Petitioner's trial counsel Michael E. Duda, provided ineffective assistance for failing to request a Kloiber charge on identification testimony?

(Doc. 11, Ex. I).

Therefore, Petitioner has clearly preserved Ground Two of his federal habeas petition for review.

Ground Three of Petitioner's habeas petition asserts that the Supreme Court of Pennsylvania erred by denying relief on his claim that trial counsel provided ineffective assistance by advising petitioner not to testify on his own behalf during his trial.  (Doc. 1 at p. 9).  As discussed above, ineffective assistance of counsel claims should be raised for the first time in a PCRA petition.  *Commonwealth v. Grant*, 813 A. 2d 726, 738 (Pa. 2003).  Petitioner's petition for allowance of appeal to the Supreme Court of Pennsylvania raised three issues regarding Petitioner testifying on his own behalf:

14

    4. The PCRA court erred and abused it's discretion by denying relief and not conducting an evidentiary hearing on Petitioner's claim that trial counsel provided ineffective assistance by advising appellant not to testify on his own behalf;

    5. Petitioner's PCRA counsel, William M. Shreve, was ineffective for not requesting an evidentiary hearing on and erroneously abandoning Petitioner's claim that trial counsel provided ineffective assistance by advising Petitioner not to testify on his own behalf; and

    6. Petitioners trial counsel, Michael E. Duda, provided ineffective assistance by advising Petitioner not to testify on his own behalf in which trial counsel denied Petitioner a fair trial and due process, violating Petitioner's 5th, 6th and 14th amendments.

(Doc. 11, Ex. I).

    Therefore, we find that Plaintiff exhausted his Ground Three claim.

    Ground Four of Petitioner's habeas petition asserts that the Supreme Court of Pennsylvania erred by denying relief on his claim that the trial court erred by permitting the victim to show his gunshot wounds to the jury during his testimony at Petitioner's trial.   Although Respondent did not address this claim in his response concerning exhaustion, we will address this claim in regard to exhaustion.  Petitioner raised this issue on direct appeal to the Pennsylvania Superior Court, therefore it has been preserved for federal habeas review.  (Doc. 11, Ex. A).

**IV. Recommendation.**

   Based on the foregoing, we respectfully recommend that Ground One of Petitioner's habeas petition be dismissed with prejudice because it was not exhausted in the state courts. We also recommend that this case be remanded to the undersigned for further proceedings, including directing Petitioner and Respondent to file briefs regarding the merits of Petitioner's remaining three habeas claims.

                 **s/ Thomas M. Blewitt**
                 **THOMAS M. BLEWITT**
                 **United States Magistrate Judge**

**Dated: December 28, 2011**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANE B. BROWN, | : | CIVIL ACTION NO. **3:CV-11-1418** |
| Plaintiff | : | (Judge Rambo) |
| v. | : | (Chief Magistrate Judge Blewitt) |
| SUPERINTENDENT JEFFREY DITTY, et al., | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 28, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

               **s/ Thomas M. Blewitt**
               **THOMAS M. BLEWITT**
               **United States Magistrate Judge**

**Dated: December 28, 2011**